UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WAULTER PINDADO ORTEGA,

      Plaintiff,

-against-

DLJ ENTERPRISES, LTD. and DAVID L. JARON,

      Defendants.

Case No.:

**COMPLAINT**

Plaintiff WAULTER PINDADO ORTEGA by and through his attorneys, FISHER TAUBENFELD LLP, alleges against Defendants DLJ ENTERPRISES, LTD. ("DLJ" or the "Corporate Defendant") and DAVID L. JARON ("Jaron" or the "Individual Defendant")(the Corporate Defendant and Individual Defendant are collectively "Defendants") as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 201 *et seq.* (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## THE PARTIES

3. Upon information and belief, the Corporate Defendant is a domestic business corporation previously organized and existing under the laws of the State of New York and maintains its principal place of business at 260 39th Street, Brooklyn, New York 11232.

4. Upon information and belief, at all times relevant hereto, the Corporate Defendant has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

5. Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

6. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

7. At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.  In particular, Plaintiff used tools and materials, parts of which originated outside of New York State.

8. Upon information and belief, Defendant Jaron resides in the State of New York and is an owner, manager and/or employee of the Corporate Defendant.

9. Defendants are an autobody shop and its owner.

10. Upon information and belief Defendant Jaron is the principal and officer of the Corporate Defendant.

11. Defendant Jaron possesses the authority to hire and fire employees, supervise their work schedules, set their rates of pay and maintain payroll records.

12. Defendant Jaron terminated Plaintiff, determined his rate of pay and schedule, and upon information and belief, maintained employment records.

13. Defendant Jaron possesses operational control over the Corporate Defendant and its employees through his financial control over the Corporate Defendant.

14. Plaintiff has been employed by Defendants to work as a mechanic within the last six (6) years.

15. Defendant Jaron is engaged in business in the City of New York, County of Kings. He is sued individually in his capacity as an owner, officer, employee, and/or agent of the Corporate Defendant.

16. Defendant Jaron exercises sufficient operational control over the Corporate Defendant's operations to be considered Plaintiff's employer under FLSA and New York State Labor Law ("NYLL").

17. At all relevant times, Defendants have been Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

## NATURE OF THE ACTION

18. Plaintiff brings this action (a) pursuant to the FLSA and the regulations thereto; and (b) pursuant to the NYLL (§ 650 *et seq.*) and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 142 *et seq.*, based upon the following acts and/or omissions which Defendants committed:

    i. Defendants' failure to pay proper overtime compensation required by federal and state law and regulations to Plaintiff, who worked in excess of forty (40) hours per week; and

    ii. Defendants' failure to provide Plaintiff with a wage notice and proper paystubs as required by NYLL § 195.

19. Additionally, Plaintiff brings this action to challenge Defendants' practice of disability discrimination in the terms, conditions, and privileges of Plaintiff's employment in violation of the New York City Human Rights Law, New York City Administrative Code § 8-101 *et seq.* ("NYCHRL").

20. Defendants also failed to return to Plaintiff tools that he used when working for Defendants.

21. During all relevant times, Defendants employed at least four (4) people and constituted an employer within the definition of the NYCHRL.

22. Pursuant to § 8-502(c) of the NYCHRL, within ten days of the filing this Complaint with the Court, Plaintiff will serve a copy of this Complaint on the New York City Commission on Human Rights and on the Corporation Counsel for the City of New York.

23. Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the FLSA and NYLL, as detailed in this Complaint.

## FACT ALLEGATIONS

### I. Defendants' Wage and Hour Violations.

24. At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiff has been and continues to be economically injured.

### A. Plaintiff's Schedule and Pay.

25. Defendants hired Plaintiff on approximately April 12, 2014 to work in their shop, a position he remained in until he was unlawfully terminated on April 18, 2018.

26. Plaintiff usually worked Monday through Saturday.

27. Plaintiff usually began his day at 8:00 a.m. and finished around 6:00 p.m.

28. From June through September, Plaintiff worked past 6:00 p.m. approximately three times a week. Plaintiff sometimes worked as late as 7:00 p.m. or even 7:30 p.m.

29. In approximately November 2017, Plaintiff began working until 4:00 p.m. instead of 6:00 p.m.

30. Despite these extensive overtime hours, Defendants failed to compensate Plaintiff for his overtime hours at the legally mandated overtime rate.

31. Instead, Defendants paid Plaintiff a set salary of $150 per day in cash.

32. Although Plaintiff regularly worked more than 40 hours each week, Defendants never paid him at an overtime premium of 150% of his regular rate.

### B. Additional Violations Affecting Plaintiff.

#### 1. Notice and Recordkeeping Violations

33. Defendants failed to provide Plaintiff with a wage notice or paystubs in compliance with NYLL § 195.

34. Defendants did not provide Plaintiff with a notice specifying his rate of pay, the basis of pay, allowances (if any) claimed against the minimum wage (e.g., tips, meals, lodging, etc.), or the identification of the regular pay day.

35. Defendants also did not provide Plaintiff with a paystub specifying the pay period, his hourly rate of pay, the regular and overtime hours he worked, or all the other information required under NYLL § 195.

36. Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

### 2. Defendants' Discrimination Against Plaintiff Because of His Disability and Failure to Provide a Reasonable Accommodation

37. Defendants also unlawfully terminated Plaintiff's employment because he was injured on the job.

38. Throughout Plaintiff's employment he had adequately performed his job duties.

39. In and about April 4, 2018, Plaintiff learned from his doctor that he would need to undergo surgery to repair a hernia and would need to take 5 weeks to recover from the surgery before returning to his physically-intensive job.

40. Around the same time, Plaintiff advised Defendant Jaron of his need for a reasonable accommodation of a leave of absence.

41. Specifically, Plaintiff asked for time off to recover from his surgery.

42. Defendant Jaron told Plaintiff that "it was fine," which led Plaintiff to believe he could take the time off.

43. Although at the time Defendants agreed to allow him to take time off, on April 17, 2018 Defendants terminated Plaintiff without any warning or explanation for the termination.

44. Prior to terminating Plaintiff, Defendants had made no attempt to ascertain his date of return or to determine whether they could provide him with a reasonable accommodation.

45. Defendants terminated Plaintiff because he had availed himself of a reasonable accommodation because of an impairment.

### 3. Defendants' Conversion of Plaintiff's Tools.

46. When working for Defendants, Plaintiff used tools that he purchased.

47. At the end of the workday, Plaintiff typically left the tools at the shop.

48. When Defendants terminated Plaintiff, they kept his tools and did not return them.

49. Defendants therefore converted Plaintiff's property.

### FIRST CLAIM FOR RELIEF
### (Overtime Wage Violations under the FLSA)

50. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

51. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

52. At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff and others similarly situated at one and a half times their regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

53. Plaintiff seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (Overtime Wage Violations under NYLL)

54. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

55. New York law prohibits an employer from permitting an employee to work without paying overtime wages of 150% of his or her regular rate for all hours worked in excess of forty (40) in any workweek.

56. Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff and others similarly situated at the required overtime rates, one and a half times their regular rate of pay, for hours worked in excess of forty (40) per workweek.

57. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and others similarly situated have sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (NYLL Failure to Notify)

58. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

59. Pursuant to §195(1) of the NYLL, within ten business days of Plaintiff and other similarly situated employees' hiring, Defendants were obligated to provide them with a notice describing, *inter alia*, their hourly regular and overtime rates of pay.

60. Pursuant to §195(3) of the NYLL, Defendants are obligated to provide Plaintiff and other similarly situated employees with a wage statement, along with their pay, that specified their rate of pay, their hours worked, and the pay period.

61. Defendants failed to provide Plaintiff and other similarly situated employees with a notice or paystub in accordance with §195 of the NYLL.

62. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and other similarly situated employees have sustained damages and seek damages in accordance with §195 of the NYLL for each week Defendants failed to provide such notice and paystubs, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
**(Impairment Termination
On the Basis of Disability
In Violation of NYCHRL)**

63. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

64. By the acts and practices described above, Defendants discriminated against Plaintiff by terminating his employment on the basis of his impairment, in violation of City Law.

65. Defendants knew that its actions constituted unlawful discrimination and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

9

66. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to his reputation as a proximate result of Defendants' discriminatory practices, unless and until this Court grants the relief hereinafter described.

## FIFTH CLAIM FOR RELIEF
### (Retaliatory Termination
### On the Basis of Disability
### In Violation of NYCHRL)

67. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

68. By the acts and practices described above, Defendants retaliated against Plaintiff by terminating his employment because he requested and availed himself of a reasonable accommodation, in violation of City Law.

69. Defendants knew that its actions constituted unlawful retaliation and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

70. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to his reputation as a proximate result of Defendants' retaliatory practices, unless and until this Court grants the relief hereinafter described.

## SIXTH CLAIM FOR RELIEF
### (Failure to Provide a
### Reasonable Accommodation
### In Violation of the NYCHRL)

71. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

72. By the acts and practices described above, Defendants unlawfully failed to provide Plaintiff with a reasonable accommodation in violation of NYCHRL.

73. Defendants knew that their actions constituted unlawful discrimination and acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

74. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to his reputation as a proximate result of Defendants' discriminatory practices, unless and until this Court grants the relief hereinafter described.

## SEVENTH CLAIM FOR RELIEF
### (Conversion)

75. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

76. Plaintiff purchased tools to perform his work.

77. Defendants intentionally and without authority assumed and exercised control over Plaintiff's tools, interfering with Plaintiff's right of possession.

78. Plaintiff has suffered and will continue to suffer irreparable injury and monetary damages as a proximate result of Defendants' conversion, unless and until this Court grants the relief hereinafter described

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Back Pay, Front Pay, and damages for all employment benefits Plaintiff would have received but for the discriminatory and retaliatory acts and practices of Defendants;

E. Compensatory, punitive, mental anguish, pain and suffering damages sustained as a result of Defendants' discriminatory and retaliatory conduct;

F. The value of Plaintiff's tools;

G. Plaintiff's costs and reasonable attorneys' fees; and

H. Any relief the Court deems just and proper.

Dated: July 6, 2020
      New York, New York

      Respectfully submitted,

_____
Michael Taubenfeld
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Facsimile: (212) 505-2001
*ATTORNEYS FOR PLAINTIFF*